21-1482-cv
Yang v. Eastman Sch. of Music

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-two.

PRESENT: GUIDO CALABRESI,
 GERARD E. LYNCH,
 RAYMOND J. LOHIER, JR.,
 *Circuit Judges*.
------------------------------------------------------------------
SIYU YANG, LU YANG,

                *Plaintiffs-Appellants*,

    v.                                                                  No. 21-1482-cv

EASTMAN SCHOOL OF MUSIC,
UNIVERSITY OF ROCHESTER,
MATTHEW ARDIZZONE, JAMAL J.
ROSSI, MERCEDES RAMIREZ
FERNANDEZ, SARAH C.

MANGELSDORF,

                    *Defendants-Appellees.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | LU YANG (Siyu Yang, *on the brief*), pro se, Syosset, NY |
| FOR DEFENDANTS-APPELLEES: | LAURA H. HARSHBARGER, Bond, Schoeneck & King PLLC, Syracuse, NY (Mara D. Afzali, Bond, Schoeneck & King PLLC, Albany, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Siyu Yang and his father, Lu Yang ("Plaintiffs"), proceeding pro se, appeal from the May 20, 2021 judgment of the United States District Court for the Western District of New York (Wolford, J.) dismissing their complaints[1] against the University of Rochester (the "University"), the University's Eastman School

---

[1] In 2021, Plaintiffs filed a second action raising substantially similar claims as their first action. The District Court dismissed both complaints in one order.

1  of Music ("Eastman"), and individual administrators employed by the

2  University and Eastman (together, "Defendants").   In 2020 the University

3  rescinded Siyu Yang's admission as a student, explaining that Yang had "made

4  statements denigrating a racial group" in an online post.   Supp. App'x 33.   Siyu

5  Yang and his parents[2] claimed violations of the First and Fourteenth

6  Amendments of the federal Constitution, Title VI of the Civil Rights Act of 1964,

7  42 U.S.C. § 2000d et seq., provisions of the New York State Constitution, state

8  defamation law, the Universal Declaration of Human Rights, and the

9  International Convention on the Elimination of All Forms of Racial

10  Discrimination.   We assume the parties' familiarity with the underlying facts

11  and the record of prior proceedings, to which we refer only as necessary to

12  explain our decision to affirm.

13       "We review de novo a district court's dismissal of a complaint pursuant to

14  Rule 12(b)(6) . . . ."   Alix v. McKinsey & Co., 23 F.4th 196, 202 (2d Cir. 2022).   To

15  survive a motion to dismiss under Rule 12(b)(6), the complaint must plead

16  "enough facts to state a claim to relief that is plausible on its face."   Bell Atl.

---

[2] After the first action was filed, Siyu Yang's mother, Ying Zhu, withdrew as a plaintiff.

3

1   Corp. v. Twombly, 550 U.S. 544, 570 (2007).   A claim will have "facial

2   plausibility when the plaintiff pleads factual content that allows the court to

3   draw the reasonable inference that the defendant is liable for the misconduct

4   alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

5          Preliminarily, we agree with the District Court that Lu Yang lacks Article

6   III standing to sue.   The complaint in this case does not "allege[] facts that

7   affirmatively and plausibly suggest" that Lu Yang suffered "an injury in fact—an

8   invasion of a legally protected interest which is (a) concrete and particularized

9   and (b) actual or imminent, not conjectural or hypothetical"—arising directly or

10  indirectly from the decision to rescind his son's admission.   Carter v. HealthPort

11  Techs., LLC, 822 F.3d 47, 55–56 (2d Cir. 2016) (cleaned up); see also Lujan v. Defs.

12  of Wildlife, 504 U.S. 555, 560–61 (1992).   Thus, only Siyu Yang has standing to

13  challenge the Defendants' actions.   Although it is natural that a parent would be

14  distressed and angered by perceived mistreatment of his child, federal law does

15  not authorize lawsuits by persons distressed by legal wrongs done to others.

16          The District Court properly dismissed Plaintiffs' federal constitutional

17  claims under 42 U.S.C. § 1983.   To assert a § 1983 claim, Plaintiffs must plead

4

that Defendants are either state actors or that their "conduct was done under the color of state law." Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010). "State action occurs where the challenged action of a private party is fairly attributable to the state . . . ." Id. (quotation marks omitted). Here, Plaintiffs failed to plead that Defendants—a private university, its music school, and its individual employees—were state actors or acted in concert with state actors. It is true, as Plaintiffs point out, that the complaint alleges that the University received federal and state funding. "But a private entity does not become a state actor for purposes of § 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012) (quotation marks omitted). "Rather, there must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." Id. (cleaned up).

Plaintiffs also failed to state a claim under Title VI, which prohibits programs that receive federal funding from discriminating "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. To state such a claim,

5

Plaintiffs were required to plausibly allege that (1) the University's decision to rescind Siyu Yang's admission was discriminatory based on race, color, or national origin; (2) the discrimination was intentional; and (3) the discrimination was a "substantial or motivating factor" for Defendants' actions.[3]  See Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001) (quotation marks omitted).  But here, Plaintiffs did not allege any facts showing that Siyu Yang was discriminated against based on his race, color, or national origin.  In other words, Plaintiffs failed to plead any facts suggesting that any action was taken against Siyu Yang, because of his race or national origin, that would not have been taken against a person of a different race or national origin who posted the same article.[4]  For

---

[3] It is not clear whether Plaintiffs challenge the dismissal of the Title VI claims against the individual Defendants in their official capacities or their individual capacities. Even if we construe Plaintiffs' pro se complaint liberally to raise their Title VI claim against the individual Defendants in their official capacities, see Frank v. Relin, 1 F.3d 1317, 1326 (2d Cir. 1993), we need not here decide whether individuals sued in their official capacity may be liable under Title VI, see, e.g., TC v. Valley Cent. Sch. Dist., 777 F. Supp. 2d 577, 594 (S.D.N.Y. 2011) (describing disagreement among district courts on this question), because Plaintiffs failed to plausibly plead intentional discrimination as required to state such a claim in any event.

[4] Indeed, the complaint alleges that Siyu Yang's admission was rescinded based on his post and because Eastman was motivated by financial involvement with the Chinese Community Party, rather than by a hostile animus against Asians or persons of Chinese national origin.

1   that reason, Plaintiffs' Title VI claim was properly dismissed.

2      Finally, because the District Court properly dismissed Plaintiffs' federal

3   claims, we conclude that it did not abuse its discretion in declining to exercise

4   supplemental jurisdiction over their state law claims.  See <u>Kolari v. N.Y.-

5   Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) (citing 28 U.S.C. § 1367(c)(3)).

6      We have considered Plaintiffs' remaining arguments and conclude that

7   they are without merit.[5]  For the foregoing reasons, we AFFIRM the judgment

8   of the District Court.

9                           FOR THE COURT:
10                          Catherine O'Hagan Wolfe, Clerk of Court

---

[5] On appeal, Plaintiffs also move to strike Defendants' appellate brief, add a supplemental appendix containing new evidence, "investigate" Defendants, and reverse the District Court's judgment.  Upon due consideration, Plaintiffs' motions are denied.